Are you happy to hear argument in United States v. Hall, Mr. Brant? Good morning, Your Honors. May it please the Court, I'm Jeff Brant for Defendant Appellant Harold Hall. The District Court erred in this case by admitting evidence of Mr. Hall's four prior convictions involving marijuana, three of those for possession with intent to distribute marijuana, very similar to the count two in the federal case here. A great chance exists that the jury convicted Mr. Hall based upon hearing those prior convictions and drawing the inference that is impermissible under Rule 404B. And that is that he had committed these crimes in the past, therefore he tended to be a person to do that, and therefore he committed them in this case. Is that the standard, a great chance exists? No, but I like it as an opening statement. As your Honor knows very well. I might want to see what the legal basis is, because we can't do it on a great chance. I understand, Your Honor. As you know from the brief, and as I think both parties have done a very good job of bringing it down to that standard, and that standard is obviously whether it's relevant, and then whether there's an undue prejudice, 401 and 403. We think both that it is not relevant. I think the defense counsel below did object, contrary to what the government said. What was the nature of the defense in this case? The defense was who possessed the guns and marijuana? Who had access and control to that room in the house in the back on the right? The evidence showed that Mr. Hall had a shirt and at the very least visited, he had a shirt with his ID in it, in a bedroom down the hall and on the left. The question for trial was whether it was Mr. Gerald Hall. Why isn't this a classic question of trial management? The abuse of discretion standard gave Judge Anderson the latitude to make a judgment call on something like this. We're not up here reviewing this whole business de novo. We're up here reviewing whether Judge Anderson abused his discretion. Yes, Your Honor, and I believe Judge Anderson initially had it correct to say to the government, I don't get the relevance. What's the relevance? Well, the relevance is simply what our precedent, which Judge Anderson was following, in the United States v. Rook, said it was. The relevance is that it involved the same drug, marijuana, and the same crime, which was possession with intent to distribute. And the relevance is part of the denial of knowledge and intent to distribute. It denied the whole mens re of the crime. And once you put on a defense that says I had no knowledge of all this, and I had no intent to distribute, you put the relevance of knowledge and intent to play. Yes, Judge Hilton, I think you've hit on two good points. The first is Judge Anderson said that exact point. If Mr. Hall denies knowledge, if his defense is I don't know about marijuana being there, or he takes the stand and denies it, I certainly see the relevance. Well, you need to break down the Rook case and Hodge case for us. Because I think Judge Wilkerson is correct in terms of the general holding of those cases. What we need to discern is, is this case different? In both of those cases, they had the drugs. They had him with the drugs. What they didn't have is they didn't have him saying it wasn't me. He's saying, in this instance, your client is saying it wasn't me, it was my brother in the house. And so I think is that a difference or is that a distinction without difference here? Is that a difference that when we're talking about knowledge and intent, that the fact that you actually have it in its purest form, the drugs are there, he's in the house, they're his drugs. He says I didn't intend to distribute them. I didn't even know they were here. And yet you can show from prior offenses, yeah, you did. But here the issue seems a little different in that he's saying I didn't do this. I don't even live here. My brother lives here. My brother's testifying is here. Uncles have come in and said he's not here. And you then bring in 404B evidence to show knowledge and intent of what? It doesn't show knowledge and intent of who it is. It shows that if you are the person, it would be it. But his defense is he's not the person. And I need you to hammer that point if you're going to deal with this, because I'm not reading you if you don't follow in this kind of a vein of thought process. I thought it would help me out a bit. The main purpose that this evidence was used for was in closing argument, to attack Gerald Hall's testimony for no other reason. Yes, the government made a special point of stating in closing argument, here's the reason you need to find that it was Harold Hall and not Gerald Hall that possessed the marijuana and the guns. And I think the government's brief from pages 19 and 21 demonstrate the precise, impermissible inference that we're talking about in 404B. The argument is it had to be Harold and not Gerald. And why? It's because Harold has these four prior convictions. What other inference is there than to say, well, it has to be one, not the other, because Harold's the one with the prior convictions, and therefore that's his character, and therefore he's the one guilty, not Gerald Hall. Yes, but if you're putting on a defense that said Gerald is the one, and you're putting on the defenses constructed around that, then per force you're denying, you're saying, I'm not the one. I didn't possess the knowledge and intent. The sole person who possessed the knowledge and intent was Gerald. And so the rule speaks of relevance. And I think Judge Anderson took a common sense view that the rule speaks of admitting this kind of evidence to prove knowledge and intent. And it wasn't the government that put those in play. These are elements of the crime. And whether he's saying, I didn't do it, or whether he's saying Gerald was the one with the knowledge and intent, the bottom line is still the same. He's denying that he possessed the knowledge or the intent to do this, which would seem to locate this whole thing right at the heart of what 404B says is admissible. It's not just character evidence. It's the same drug and the same offense as has been committed repeatedly in the past. Judge Wilkinson, Judge Anderson recognized, yes, exactly what you're saying. If knowledge is contested, if the defense is I didn't know the marijuana was there, it's obviously relevant. But that wasn't the defense. The defense wasn't I didn't have any idea that marijuana was in that room. The government said we're going to bring that prior conviction. But you've got to understand how that's been bootstrapped into this. That's what you need to answer. That is, if I say I wasn't even in the room, I wasn't on the planet when this happened, then that by definition says, when you say not guilty, the case says that then knowledge and intent is being contested. And that's what the problem is here, is is there a case that really says that? Is there a case that says that if your defense is I didn't do it at all, I wasn't even there. It's not even my drugs. And I'm just not even in the place. And that's the differentiation you need to work on to get to the point you want to make. Because if you don't understand the bootstrapping of the fact that I'm not there, and therefore by saying not guilty, I contest intent and knowledge, and now bring in all these cases to show that full weight evidence can come from intent and knowledge, when the purpose of that evidence can only establish that it was you. That's the point that's making here. Because that's the only thing that's good. It's not you. It's not the same knowledge and intent. The purpose of the evidence is it was you because you did it before. And therefore, you did it, not your brother. Judge Wayne, two answers. Number one, we didn't. What is that answer? I need you to comment on that. Two comments. Number one, Mr. Hall's defense was not, I was never there. It was, I was there. I occasionally showed up. I'm not denying that someone else may have been dealing drugs and possessing guns. So it's not as pure as, I was never there. What he's saying is on this crucial element of intent, I possess no intent to distribute. Gerald was the one with the intent. And that was the core of the defense. That Gerald was the one that possessed the intent of distribute. And it doesn't matter whether I was there or whether I wasn't there or whether I was in the North Pole or whether I was in the particular room. Gerald was the one and only one who possessed the intent. And the government said, well, wait a minute. Gerald doesn't have a record. As far as I know, Gerald doesn't have any record of any conviction of possession with intent to distribute. The only one that has the record, and I might add it's a very long record, of these possession with intent to distribute offenses is the defendant. Now, if you say the government can't introduce that kind of evidence, you might as well just take the language of 404B and toss it overboard. But the 404B's poor statement is we can't use evidence of prior convictions to show character to show. They're not using it to show character. They're using it to show intent. That's the point that I think the district court would let it in, was making it. I thought it admitted to prove knowledge, not intent. There's knowledge and there's intent, and they're two separate elements. And when it comes to knowledge, our position is he's not denying knowledge that it's there. Therefore, it's not relevant for the reason Judge Anderson stated at the beginning. And when we say he had the decision right, when he said, no, that's not relevant to knowledge, he's not denying it. If he gets on the stand and denies it, I'm going to let you introduce that evidence. We never got to there. Could your client essentially say, yes, I possess knowledge and intent, but I didn't do it. I wasn't the one there. It's this guy. If it was mine, yeah, I would have distributed knowledge. That's not a crime to possess a knowledge and intent to distribute if, in fact, you did nothing. And that's what your client is essentially saying, yeah. Assume I did have knowledge and intent, but I didn't do it because I wasn't there. The question then comes in is what is the value of 404B evidence with that kind of defense? My answer would be, number one, the government wouldn't be able to prove the middle element, possession, and that we would have to rely on the undue prejudice. Any probative value is greatly outweighed by the risk of undue prejudice of the jury hearing this evidence, drawing the inference for which no limiting instruction can ever cure. Judge Hamilton, in a case we cited in the brief out of the Seventh Circuit, cites the social studies that say once the jury hears that someone has a prior conviction, especially when it's the same. But probative evidence has never been thought to be Rule 403 prejudice. When we talk about Rule 403, we're talking about something that's highly inflammatory and not about evidence that is part and parcel of the government's case, just proving the elements of the case at trial. I mean, the prejudicial intent can't be established by the fact that something is damaging to your client. I think the rule in the case will say, yeah, highly inflammatory or unduly prejudicial. And if the jury's hearings that a defendant has a prior conviction that's the exact same, it's going to draw the impermissible inference, the inference that 404B says they're not allowed to make. That's the whole point. The fact that you're saying it's so prejudicial goes to underscore its relevance. That's why you don't like it. Well, as we say in the brief, all evidence is prejudicial. And the reason is, is because it's so highly probative. But it's highly probative in the way that 404B says you're not allowed to use it. Why don't you approach it this way? It's so highly probative that if you didn't have it in, you couldn't prove this case. That's exact. Otherwise the evidence would be insufficient as a matter of law, and there's case law that deals with this kind of constructive thing. And what you've got here is an individual who's close there, has money there, maybe he shows up from time to time. There's case law on point that says that is insufficient. So why doesn't your argument not be without this 404B evidence, you couldn't prove this case? And if that's not propensity and prejudicial, nothing is. I believe a sub-argument of our opening brief does exactly that, Judge Winn. And when we point out that this is exactly why the government, in closing argument, says what we think is the impermissible inference, you have to find Harold Hall guilty because he's the one with the record. Thank you, sir. Thank you, Your Honor. Mr. Brown. Good morning, and may it please the Court. Ben Garner on behalf of the United States. Judge Winn, I'd like to begin by addressing a question that you raised to appellate's counsel, and that is the role that a concession or stipulation as to essential elements would have played in this case. Is the government's position that even if Harold Hall had conceded, which he did not, or stipulate to essential elements of this prime subject knowledge, then that the 404B evidence would still be relevant and satisfy the clean factors of relevancy? Essentially, if a defendant comes in and says, I do possess the requisite intent and knowledge of the drug, but I didn't do it. I wasn't the one. Someone else did it. In fact, I don't even live here. I only visit occasionally, and I have evidence all over the place to show it. And what does the 404B show then? Judge Winn, the Supreme Court has said in Old Chiefs. I want to know what the 404B evidence that he has done it before will prove in that. You brought that up with regard when you have that kind of a situation. What will it prove? Judge Winn, it would still satisfy the clean factors of relevancy, necessity, as well as reliability. This Court has time and again said that. To show knowledge and intent? Absolutely. He's already said, I possess that. I have that. If you can show that it is me who is there, then I will concede. I would have had knowledge and intent. Judge Winn, even in light of a concession or a stipulation by a defendant, it is still incumbent upon the government to prove each one of the essential elements of a crime beyond a reasonable doubt. The Supreme Court. Any other case like this. I mean, you've got the Rooks case. You've got the Hodges case. Both of those cases are very different in terms of what the purpose of the 404B evidence is there. You've got a plastic bag. It's there. The defendant has it. He says, oh, I didn't intend to distribute it. He says, oh, no, you've done it before. That seems pretty clear. Hodges, you've got the same kind of evidence. Do we have a case like this? Well, there's scores of cases that have held that. And this is the predictable case where you have a defendant who has prior narcotics convictions. He's charged with a similar or, excuse me, the charge is similar insofar as that he's possessing with the intent to distribute what he was convicted of in the past. And time and again, this Court has said that those convictions are admissible pursuant to Rule 404B. And that's the exact. I thought that you offered the evidence that he had to know marijuana was there because he should have smelled it. And so you were going to put this evidence in to prove knowledge. But at the same time, mere presence is not good enough to get a conviction in this case, is it? That's right, Judge Floyd. One of the bases and one of the theories on which the government advanced the district court for admission of the prior convictions was to prove his knowledge, and that was based upon the suspected testimony that the government was going to elicit through the officers who conducted the search. Each one of those officers testified consistently that immediately upon entering the residence on Sydenham Road that they detected the smell of marijuana at that point. Do you think this was introduced for the purpose of proving knowledge or the purpose of intent? And does it matter? Can we affirm a district judge on an alternate ground? I think it was introduced, and I strongly believe it was introduced both to show knowledge and intent. And I do believe that this Court can affirm on either ground. How do you explain then how it was introduced to prove both knowledge and intent? Well, certainly in light of the defense theory that he didn't possess the drugs, that by definition put the intent element at play. If he didn't possess it. Then why wouldn't the intent go to the distribution? Well, if he didn't possess it, then by definition he couldn't intend to distribute it. So the intent element actually was a major element that the government was forced to prove by virtue of the defense theory that was mounted at trial. Further, knowledge was certainly at issue too. The defense put up three witnesses who testified that Harold Hall was only at that residence sporadically. Gerald Hall's testimony was, despite the time that he had lived there, that he had only seen Harold Hall maybe come by that residence once to dispatch a load. So in light of the government's theory, in light of the defense's argument, was that even if the government couldn't show actual possession of the six kilograms of marijuana that was seized from that house, then it could still convict Harold Hall under a theory of constructive possession, which also requires that the government show that the defendant knew of the drugs and could exercise dominion and control over the drugs. What's the sin that we don't agree with? And going to Judge Weldon's question about affirming an ultimate ground, you all didn't raise harmless error in our argument, did you? Judge Floyd, I did neglect to advance the argument of harmless error in the brief. For what it's worth, I do believe that the evidence is overwhelming in support of Harold Hall's conviction in this case. But harmless error analysis is weak, isn't it? It is, Your Honor, for purposes of not advancing it in the appeal. However, the government believes that Judge Anderson— The harmless error inquiry is separate and distinct from affirming on an alternate ground of intent. Precisely, Judge Wilkinson. I mean, it seemed to me that I follow you on saying this bears on both knowledge and intent. But intent seems to be particularly relevant here because the whole thrust of the defense was who intended to distribute the drugs. Was it the defendant or was it his brother? If you believe it was the defendant who had the intent to distribute the drugs, then the defendant is convicted. And if you believe it's the brother, then the defendant is acquitted. And the hinge point, the pivot point on both, is who possessed the intent. And the government, it's not as if they brought this kind of stuff up in its case in cheat. It was only when the defense flatly denied that there was any intent at all to distribute that the evidence was admissible. So even if, for example, there was— I'm just assuming, argumentatively, there was some error on knowledge. If it was admissible for purposes of intent, that would be affirming on an alternate ground. Absolutely, Judge Wilkinson. And I will admit and concede that when assessing the probative value of the Rule 4.4b evidence, it is likely stronger in terms of the intent element. However, as I indicated earlier, even in spite of the defense raised, I still think knowledge— One of the things that we can try to—I mean, I was working over the Rooks case, and I'm worried about drawing distinctions that are too thin to perceive. And what Rooks seems to be saying to me is, okay, how far afield is this prior conviction evidence from the instant case? And if it's far afield, then to me, the case against it, any kind of admissibility grows. For example, had it been a different drug? Had it been way in the past? Had it been a possessory offense as opposed to a distributional offense? Had there been only one? It would seem to me that all of those were, according to Rooks, much farther afield. But Rooks seems to me to have a sort of similarity test, where you're dealing with the same offense and the same drug, and you're dealing with repeated occasions of it. That fits pretty comfortably in the kind of thing that Rooks seems to suggest should be submitted— I mean, it should be admitted. If I misperceive what Rooks was saying, or Judge Anderson, really, because he was a decision-maker, then set me straight. I absolutely agree, Judge Wilkinson. And in Rooks, the court was interpreting the prior case law of Queen, where the court actually explicitly said that the more similar the prior act, both in terms of physical similarity and mental state— I mean, this 404B evidence can really be abused if it's just used as smear paint or you take something that's only tangentially relevant and say, oh, well, it's up to the jury to assign weight to it. I don't think anybody wants to go that far. But this is right—it answers the core of the defense, and it's right within the very offense, the very drug that's being tried. That's right. And I would note that in United States v. Rooks, the prior convictions predated the charges by 15 years. Here, the temporal proximity is much closer than that presented to the court in Rooks. But the issue in this case—and I think part of it is stepping back and understanding the elements of the defense here. The element is not, did you possess the intent and knowledge? The element first is, did you possess it? And the defendant's saying, I didn't even possess it. I constructed it otherwise. I'm not the one who did it. I may have possessed intent and knowledge. We went into that. We don't need to go there again. But when you look at the Rooks case—this is Rooks. Rooks says the government sought to introduce evidence and established that Rooks intended to distribute evidence found in a plastic bag that he discarded during the case. You don't have that here. That's the distinction between Rooks and Hodges. The evidence there, what Rooks tried to maintain, was that this evidence was unnecessary because the government had other evidence that it could demonstrate intent and knowledge. That's not what's being contended here. It's not a contention against intent and knowledge. It is the first element, I didn't even possess it. I'm not the person who's here. So when you bring in 404B evidence, what that does is, oh, yes, he is. He did it here. He's the guy who did this before. Here's the question I want to ask you. If you take away the 404B evidence in this case, what proves it? I think there's substantial evidence that would still lead to a conviction. So you had Harold Hall's car that was registered to that residence, the vehicle that he owned and operated. Inside, Harold Hall actually, when they executed the traffic stop, informed Officer Glynn that he lived at that residence, as opposed to Gerald Hall who said that he did not live there, that he had no fixed residence. Electricity bills inside the residence were in Harold Hall's name. Furthermore, there were various children's toys inside the residence. The only individual who resided there who had a child was Harold Hall. Gerald Hall did not have a child. When the officers were doing the arrest reports, they asked Harold Hall as well as Gerald Hall where they live. Harold Hall, again, provided the address at Sedham Road for the execution of the search warrant. That is, I think, direct evidence tying Harold Hall. There's also circumstantial evidence that all of the marijuana and the firearms were seized from a bedroom in the back right-hand corner of the house. That bedroom was secured only by a deadbolt lock. When they arrested the defendants, Harold Hall was the only defendant that had keys on him. Gerald Hall did not have keys. When you look at the room itself and photographs that were embedded in evidence, there were no sheets on that bedroom. Gerald Hall's testimony was that he lived there. There were no sheets on the bed. The room was in complete disarray, scattered with over 6 kilograms of marijuana, three firearms, one of which was on the nightstand by the bed, two of which were located either on the bed or in between the box screen and the bed. The evidence presented at trial was very inconsistent with Gerald Hall's claim that he actually resided in that room. To the contrary, the evidence was consistent with the fact that Harold Hall— It sounds like to me you are making a harmless error argument. The only reason I conceded to Judge Boyd is because I didn't advance it in my brief. I do believe that the evidence was overwhelming. The other piece of evidence I would point to, Judge Wayne, is the fact that— Overwhelming to the extent that you only, in the light of the government's evidence, but the defense put on pretty substantial evidence on the other side. The only purpose of this is to consider what the 404B evidence— not to say that he wouldn't have been convicted otherwise, but what did this 404B evidence do if you have all the evidence you gave, strong, but certainly strong evidence on the defense side of this case. 404B then comes in, not so much with intent and knowledge as though it's nice to have it, but his contention is, I'm not the one. I didn't possess it. You actually used this evidence to claim that Gerald's testimony was not trustworthy because he knew that based on Harold's record, he was going to get more time than Gerald would. Isn't that the way you argued it? No, Judge Boyd. That wasn't the intended purpose. The government— That's what you said. During the closing argument, the government referenced the fact that Harold Hall had prior felony convictions. The motive on behalf of the government was to try to discredit Gerald Hall's testimony to show that he actually had a motive to claim possession of the marijuana as well as the firearms. He wasn't a convicted felon. He would be not guilty on count one. So the limited purpose for which the government injected that testimony in its closing argument was to point out that Gerald Hall had every incentive to provide false testimony with respect to the firearms being found in that room. It was by no means to misuse the 404B or to expand the scope of its intended purpose. And if you look at the record, when the stipulations were read in the evidence, the government explicitly stated that the limited purpose for which it was admitting the stipulations was to show knowledge and intent on behalf of the defendant. One of the things I want to come back to my good colleague Judge Wynn's question about, well, this goes all to possession. It seems to me, I guess your response is it's hard to break apart all these different elements in this way because if you're denying possession, you are perforce denying intent. Because if you say, I didn't even possess this, and if I didn't even possess it, it would be very difficult for me to have the intent to distribute it. In other words, I think those are not unrelated concepts. Absolutely, Judge Wilkinson. It's our position that by proceeding under a theory, even if it's just challenging and strongly challenging the fact that he possessed it, by definition, if he's proceeding under the theory that he didn't possess it, then he couldn't have the intent to distribute it. And so that put the intent issue at play. However, I do not concede. But can they be separate? Could an individual have an intent to distribute, an intent, a knowledge of it? In other words, he could possess that, an intent, but never actually do it? I mean, could he go in and say, yeah, if it was mine or if I had seen it, I would have done it. Yeah, I would have had an intent to distribute it and knowledge to do it. But I just never did it. It's off the top of my head. In other words, can you separate? Is there a separation of the elements, or is, as what I think my colleague, Judge Wilkinson, has alluded to, is that they are intertwined. And if that's so, then why would you separate them? I do believe they're intertwined. It's difficult for me to think of a factional scenario whereby a defendant can disclaim, as a factual matter, not possess something. It's difficult for me to understand how a government can prove a case if you don't first prove that first element. The first thing you've got to say is there's some form of possession, either actual or constructive possession. Then you get into the other aspect of it. But if it all messes in together, and I'm going to fall into the other simply because I never even possessed it, constructive or otherwise. But you're telling me that you can prove I did by saying I did some other stuff before this, and therefore that shows that I have the intent and knowledge to do this. But I never did it. Judge, when the government did, as I articulated earlier, put in what it believed to be substantial evidence, as to the possession element tying Harold Hall specifically, either under a theory of constructive possession or actual possession. I got that point. My point is dealing with the conflation of these issues, of these elements, that by definition denying you did one tells you put the other into play. Well, let's go back to your similarity argument, just a second. I didn't determine from the record that you all altered any characteristics about the prior crimes that would show the similarity, or I'm not wrong about that. The 404B evidence came in through stipulations, stipulations that the defendant actually had the four prior convictions. The one conviction for possession of marijuana, the four, or excuse me, the three convictions for possession of the intended attribute. That was immediately followed by the government indicating to the jury that the sole purposes for which it was introducing those stipulations was to show the defendant's intent, as well as knowledge, and it was followed by the district court's cautionary instruction advising the jury the limited purposes for which they were going to use that evidence. Did he answer your question? With respect to the interesting point my colleague brings up about possession, you didn't just need to prove possession. You needed to prove the entire case. And at a minimum, if one doesn't possess something, it makes it far less likely that one intended to distribute it. I mean, why is one introducing, why is one claiming he didn't possess anything? What reason is he claiming he didn't possess anything? The whole purpose of denying he possessed was to deny that he had any intent to distribute something he didn't even so much as possess. And at least a district court could see it that way. Without there being an abuse of discretion. And so these trial judges make these judgments perhaps in a different atmosphere of media than we do. They have to make a judgment fairly quickly. We look over it, pour over it, and all this. And a trial judge is likely, I think, we're likely to get into the fine parsing. A trial judge is likely to say, okay, I'm following the ebb and flow of this trial. I'm following the rhythm of this trial. And as a matter of instinct, Judge Anderson's a highly experienced judge, and as a matter of common sense, this whole defense is denying this crucial element of the trial. And that seems to me we do have to have some degree of respect for the media in which the trial judge is operating. And the judgments that are made are made on the basis of very seasoned reactions honed over years. And a sense of what Judge Anderson thought the trial was all about. And it was significantly about whether he ever had any intent to distribute something he did or did not possess. That's right, Judge Anderson. And as I noted earlier, even though the defense's theory was tied to possession and didn't focus as strongly on other elements, it was still incumbent upon the government to prove all of the elements of an 841A1 offense. I want to make it clear that I'm not saying you don't have to prove all the elements. What I'm saying is I think my friend Judge Wilkerson and I are different on what this possession business is. I don't think it makes you – if you can't prove possession at all, constructive or actual, I don't think it makes it less likely for you to prove the rest. You can't prove the rest. That's my position on it. You've got to first show this person either possessed it, actual or constructive in some manner. And when you separate that element out, you then get into the business of why we're here. All we're here about is you've got an individual who committed a crime before. In general, you cannot put that evidence in against him. You have to meet one of the exceptions to do so. Because the law recognizes that if you go around convicting people because of what they used to do, that's called propensity. And the law does not allow propensity evidence to prove guilt. And that's the thing we have to guard against when we start letting in prior conviction. We have to take the position that individuals who have been convicted, we don't bring them back in and reconvict them based upon the evidence of what they did before, unless there's some purpose to it. And here the purpose is rather narrow. This is not Brooks. This is not Hodges. This is not the case where he's got it on him or discarded it. It is he's saying it was not me. And if that evidence comes in to help the jury say, oh, yes, it was you because look what you did before, then I think that's problematic. And Judge Nguyen, to be clear, whether the government was proceeding in order to convict under a theory of actual possession or under constructive possession, it was still required to show that that possession, there's a knowing aspect to it. And so that's another basis upon which the government sought to introduce this 4B evidence, that the defendant had knowledge of the controlled substance of marijuana because he had dealt with it before. The officers all testified that they smelled it. There was significant evidence suggesting that he lived there. Therefore, he at least had constructive possession of the marijuana that was seized from the house. I see that my time has expired. If the court has no further questions, the government respectfully asks that the conviction and the sentence of Mr. Hall be affirmed. Mr. Brandt, you have some rebuttal time. I think we have established that the case is about the elements, and Judge Floyd, when you asked about the similarity of the prior convictions to the Count II here, what the jury heard was Count II, here are the elements, and it's possession with intent to distribute. And that's the exact elements of Count II here. And while I recognize that one view and what Nguyen says is that, look, if they're more similar, it's more relevant, we also have case law that says if it's more similar, there's a greater risk of that unfair prejudice. And I think Judge Anderson had it exactly right before the trial started, saying, if he doesn't deny knowledge, I don't see how this is relevant. The problem, I believe, Your Honors, is that in the middle of the case, before, this isn't a case where anybody testified for Mr. Hall, and then they decided to let the stipulation in. This is in the middle of the government's case. We can see that if in arguing possession, the whole premise of the argument is, if I didn't possess it, you certainly are going to be much more hard-pressed to prove that I intended to distribute one doggone thing. That you don't intend to distribute something you don't possess. I mean, that's the thing. It's not a possessory offense. And the point's been made, but I don't see how, as a practical, common-sense matter, this trial could be seen as anything other than to put someone's intent into play. Who possessed the intent to distribute? Who possessed the intent? And it was either going to be the defendant or his brother. And that was the ultimate issue. The others may have been subsidiary issues, but the ultimate issue was, did I intend or did my brother intend to distribute this stuff? And that's where I think Judge Wynn is correct, that the case is different than Ruth's. It is different than Hodge, because it is about saying, I didn't do it at all, and that puts the government in a position where they can say, well, we're going to introduce these prior convictions to show he knows what marijuana smells like, or we're going to introduce the prior convictions to tell you it was Harold, not Gerald. And that statement I just made is nothing but the impermissible inference. Go back to where you got Judge Wilkins to ask you a question. Just before he did ask that question, he started out saying something in the middle of the trial. Judge Anderson made this decision using the White case, which is even more distinguishable than Rooks and Hodge. He made the decision, you know, White tells me it's okay as long as I read this limiting instruction, which is not at all what White says. White had completely different legal issues. And it's introduced when we've had like three prosecution witnesses, agents, four agents testify. The cross-examination is, hey, did you see it? How far away were you? None of it was Mr. Hall didn't have knowledge, Mr. Hall didn't have intent. And that's when the government decides to introduce the stipulation. That's when Judge Anderson decides now's a good time to go ahead and tell the jury that he's got four prior convictions. There was no defense. Even cross-examination of these agents didn't give an inkling of a defense, and yet that's when Judge Anderson says, you know, the White case says, yeah, I can read it as long as I read this limiting instruction because that's going to fix any problems. But that's not reality. That's not the world. That's not a human's brain. The human brain had decided the second that they heard the information that there was a prior conviction of this exact same thing, and there's no limiting instruction in the world that can undo that prejudice by that point. Let me ask you this question because I'm curious. If we agree with the government on this case, then in every case in which a defendant pleads not guilty, would this evidence be admitted? It seems like that. I don't – What would be – I'm trying to understand what would limit it? Because in every case, if he pleads not guilty, he's saying I didn't possess it, and therefore the government has to prove intent and knowledge. Okay, I'm going to bring in every case you've ever been convicted of. Is that the end result of this? Yes, because I think intent and you did it before are pretty much the same thing. Well, that coin has two sides to it because in every case a defendant is going to plead I'm innocent. But what you're saying is really that once a defendant says I'm innocent, then 404B evidence is kept out because it's – yes, because he's pleading innocence, and whatever you introduce against him is going to be some sort of proclivity evidence. And he did a lot more than just plead innocent. He tried – his whole defense was constructed around the question of who possessed the intent, himself or Gerald. That's much more specific than I think some general protestation of innocence. He tried to put the intent on a particular individual. And in many cases where there's a protestation of innocence, that isn't – it doesn't come close to trying to pinpoint this crucial element of the crime on another individual. Gerald possessed the intent. That's far more specific than a general saying I didn't do it. I didn't do it. That's too general. And then at that point it does become proclivity evidence and it does become imperative. But when you try to pin intent on another person, the whole defense is constructed around it. It seems to me much – it seems to me a much narrower proposition than you said, oh, this is going to open the door to everything. I think, Judge Wilkinson, the way you stated it allows me to say as narrowly as possible, in a case where the defendant does not deny knowledge and wants to place possession and intent on someone else, if the government's evidence is that he did it because he's done it before, we violated Rule 404B. It's not just that he did it because he's done it before. It's the fact that the predicate convictions bore such a strong – and this is crucial – bore such a strong similarity to what's up before us now. It's not far-field evidence, which is the most problematic. I think the studies in the case law are now starting to show that it's the opposite, that the more similar it is, the bigger danger there is. All right. Thank you, Judges. Thank you, Mr. Brandt. We'll come down and recounsel and proceed to the next case. Thank you.
judges: J. Harvie Wilkinson III, James A. Wynn, Jr., Henry F. Floyd